1 | Steven T. Lowe, Esq., (SBN 122208)
2 | Natasha L. Hill, Esq., (SBN 249787)
**LOWE LAW**, A Professional Law Corporation
3 | 11400 Olympic Boulevard, Suite 640
Los Angeles, California 90064
4 | Telephone: (310) 477-5811
5 | Facsimile: (310) 477-7672

6
Attorneys for Plaintiff
7 | **ERGOS SOFTWARE, INC.**

8 | UNITED STATES DISTRICT COURT

9 | CENTRAL DISTRICT OF CALIFORNIA

10 | **ERGOS SOFTWARE INC.**, a                  ) **CASE NO.: SACV 08-0908-AG**
11 | California corporation,                     ) **(RNBx)**
                                                 )
12 |                  Plaintiff,                  ) **[PROPOSED]** STIPULATED
13 |                                              ) **PROTECTIVE ORDER**
                                                 )
14 |                  v.                          )
                                                 )
15 | **HELMI BENFLAH**, an individual,            )
16 | **GOLD MEDAL PLUMBING**                      )
**HEATING COOLING ELECTRIC**,                    )
17 | formerly known as **YATROFSKY**              )
18 | **PLUMBING HEATING &**                       )
**COOLING**, a business entity form              )
19 | unknown, **COLE SERVICES**, a                )
20 | business entity form unknown, **CSI**        )
**SOFTWARE**, a business entity form             )
21 | unknown; and **DOES 1-10**, inclusive,       )
                                                 )
22 |                                              )
                 Defendants.                     )
23 | _____

24 |     Upon consideration of the Stipulation for Protective Order made by the

25 | parties, pursuant to Federal Rules of Civil Procedure ("FRCP") 26(c), it is hereby

26 | ORDERED that the following provisions shall govern the conduct of discovery by

27 | the parties in this litigation.

28

1.     This Protective Order shall apply to discovery of the parties and any non-parties who agree to abide by the terms of this Protective Order, and shall apply to all information, documents and/or things owned or controlled by any party subject to discovery in this action.  This Order shall further govern the production of documents and information supplied in this case in any form by a party or non-party and designated by that party or non-party as embodying "Confidential Information" or "Highly Confidential Information" (including, but not limited to documents and other information voluntarily produced by a party or non-party, produced pursuant to stipulation or in response to interrogatories, document requests or subpoena, as well as information contained in deposition testimony, pleadings and briefs) for purposes of discovery or otherwise.

2.     All documents, things and/or answers or information furnished through discovery are provided solely for the legitimate purposes of this litigation among the parties and may only be used for such legitimate purposes within this litigation and shall not be used for any other purpose whatsoever.

3.     Any document or portion thereof, whether an original or a copy, including any exhibits, answers to interrogatories and/or responses to requests for admission, as well as physical objects, recordings or things that any party or non-party deems to contain "Confidential Information," shall be labeled on each page of such document considered confidential with the designation "CONFIDENTIAL"; and any such physical objects shall likewise be identified with the "CONFIDENTIAL" designation.  "Confidential Information" is information in oral or written form which concerns or relates to the trade secrets, processes, operations, research, technical or developmental information, know-how, or apparatus, or to the product designs, production, sales, shipments, purchases, transfers, identification of customers, inventories, amount or source of any income, profits, losses, or expenditures of any party, the disclosure of which information is likely to have the effect of causing substantial harm to the competitive position of the party from

1   which the information was obtained or the disclosure of which would be violative of
2   an obligation of confidentiality to a third person, including another Court. No item
3   shall be deemed Confidential Information if it is disclosed in a printed publication or
4   is generally known to the public. Further, Confidential Information shall not be
5   construed to cover items lawfully obtained by a party independently of this
6   litigation. Before the designation of any item as containing Confidential
7   Information, the designating party shall make reasonable efforts to assure itself that
8   these exclusions do not apply.

9        Any document or portion thereof, whether an original or a copy, including
10  any exhibits and answers to interrogatories, and/or responses to requests for
11  admission, as well as physical objects, recordings or things that any party deems to
12  contain "Highly Confidential Information", shall be labeled on each page of such
13  document with the designation "HIGHLY CONFIDENTIAL – FOR ATTORNEY'S
14  EYES ONLY" (or suitable substitutes such as "CONFIDENTIAL COUNSEL'S
15  EYES ONLY"); and any such physical objects shall likewise be identified with the
16  "HIGHLY CONFIDENTIAL – FOR ATTORNEY'S EYES ONLY" designation.
17  The "HIGHLY CONFIDENTIAL – FOR ATTORNEY'S EYES ONLY" category
18  shall be invoked by a party or non-party only relative to particularly sensitive
19  information covering: (a) marketing or production strategies; (b) technical or
20  commercial information regarding any actual or potential commercial product; (c)
21  detailed sales information, costs of manufacture, costs of goods sold and
22  profitability information for any products; (d) customer addresses, phone numbers
23  and email addresses; or (e) communications subject to the attorney-client or attorney
24  work product privilege.

25       4.    In designating information as either "Confidential" or "Highly
26  Confidential," each party shall make such designation only as to that information
27  that it, in good faith, believes contains such class of confidential information,
28  respectively.

1    5.    As specifically provided in Paragraph 21 of this Order, and except as

2    expressly limited herein, nothing in this Order shall be deemed to preclude any party

3    from seeking a modification of this Order or an additional protective order. As

4    specifically provided in Paragraph 16 of this Order, the Order shall not affect the

5    right, if any, of any party or witness to make any other type of objection, claim, or

6    other response to discovery requests, including, without limitation, interrogatories,

7    requests for admissions, requests for production of documents, deposition notices,

8    subpoenas or questions at a deposition.

9    The designations of confidentiality shall be made at the time a copy of the

10   document or other item is provided to an opposing party. Any document or portion

11   thereof or physical object so labeled, and the information contained in such

12   document or object, will be treated in accordance with the terms of this Order. Any

13   document that a responding party's or witness's counsel has not had an opportunity

14   to review prior to it being reviewed by a propounding party shall be considered

15   Highly Confidential until such time as the responding party's counsel has had a

16   reasonable opportunity to examine the document, at which time any party may

17   request that the responding party change the designation.

18

19   6.    The disclosure of "Confidential Information" and "Highly

20   Confidential Information" will be limited to the specific types of Qualified Persons

21   as specified in Paragraphs 7 and 8 respectively. All "Confidential Information" and

22   "Highly Confidential Information" not reduced to documentary, tangible or physical

23   form, or which cannot be conveniently labeled and not coming within Paragraph 14,

24   shall be so designated by a party by informing all parties, in writing, at the time of

25   production. Unless identified or marked in accordance with either this Paragraph or

26   under Paragraph14, any confidentiality is waived unless otherwise stipulated or

27   ordered, or unless notice is provided according to Paragraph 17. Information,

28

1   documents or other tangible things to which such notice cannot be affixed may be

2   designated, in writing, in any manner sufficient to give notice thereof.

3       7.    With Respect to any materials designated as "Confidential

4   Information", "Qualified Person" shall mean:

5          (a)   All Outside Lawyers representing a party with respect to this

6              litigation, and other lawyers in their respective law firms, and

7              their staffs to whom it is necessary that material be disclosed

8              for the purposes of this litigation, including commercial

9              copiers, draftsmen, etc.  Outside Lawyers shall mean and

10             include lawyers who are not employees of any party and who

11             are not otherwise shareholders, officers or directors of any

12             party;

13         (b)   One and only one in-house counsel of a party, and one and

14             only one designated officer or employee of a party;

15         (c)   *Bona Fide* independent experts or consultants retained solely

16             for the purpose of assisting counsel in the conducting of this

17             litigation who have a need to know such "Confidential

18             Information" and who have in advance of disclosure,

19             executed the undertaking of Exhibit A in accordance with

20             Paragraph 10;

21         (d)   Any witness testifying under oath who is an employee, officer

22             or director of the party who produced such "Confidential

23             Information";

24         (e)   Any witness testifying under oath who was previously: i) an

25             employee, officer or director of; or ii) an individual or an

26             employee of any entity which was a consultant, licensee to or

27             licensor of; or iii) an individual or an employee of any entity

28             which was an assignee to or assignor of; the party who

produced such "Confidential Information" but only with respect to "Confidential Information" to which such person or entity had actual access at any time during his or her association to the party or which such person participated in preparing;

(f)   Stenographic reporters, certified translators or interpreters, and Court personnel as are necessarily incident to the conduct of this litigation; and

(g)   The "Qualified Persons" designated under Paragraph 8(b) shall maintain "Confidential Information" provided to him/her by that party's counsel at the party's business address of record, under lock and key (*e.g.* filing cabinet), limited to his/her access alone. These confidential documents shall not be removed from said business address except to discuss or review same with any other "Qualified Person".

8.   With Respect to any materials designated as "Highly Confidential Information", "Qualified Person" shall mean:

(a)   All outside lawyers representing a party with respect to this litigation, and other lawyers in their respective law firms, and their staffs to whom it is necessary that material be disclosed for the purposes of this litigation, including commercial copiers, draftsmen, etc. Outside Lawyers shall mean and include lawyers who are not employees of any party and who are not otherwise shareholders, officers or directors of any party;

(b)   *Bona Fide* independent experts or consultants retained solely for the purpose of assisting counsel in the conducting of this litigation who have a need to know such "Highly Confidential

1  Information" and who have in advance of disclosure, executed

2  the undertaking of Exhibit A in accordance with Paragraph 10;

3     (c)  Any witness testifying under oath who is an employee, officer or

4  director of the party who produced such "Highly Confidential

5  Information";

6     (d)  Any witness testifying under oath who was previously: i) an

7  employee, officer or director of; ii) an individual or an employee

8  of any entity which was a consultant, licensee to or licensor of;

9  or iii) an individual or an employee of any entity which was an

10  assignee to or assignor of the party who produced such "Highly

11  Confidential Information" but only with respect to "Highly

12  Confidential Information" to which such person or entity had

13  actual access at any time during his or her association to the

14  party or which such person participated in preparing; and

15     (e)  Stenographic reporters, certified translators or interpreters, and

16  Court personnel as are necessarily incident to the conduct of

17  discovery, the preparation for the trial or the trial itself.

18     (f)  In no event shall named parties, their shareholders, officers,

19  directors and employees be included in those Qualified Persons

20  with access to "Highly Confidential Information," except as

21  provided for in paragraph 8(c) hereinabove.

22     9.    All persons designated under Paragraphs 7(b), 7(c), or 8(b), but

23  excluding all other persons (e.g. outside copy firms) whose sole functions are to

24  photocopy, deliver, or perform similar passive tasks with respect to "Confidential

25  Information" or "Highly Confidential Information," shall sign the undertaking of

26  Exhibit A in the form attached hereto.  A copy of each undertaking shall be

27  submitted promptly by the disclosing party to the producing party's counsel to

28  enable a good faith objection by the producing party pursuant to Paragraph 9.  No

"Confidential Information" or "Highly Confidential Information" shall be disclosed to any persons designated under Paragraphs 7(b), 7(c), or 8(b) (unless disclosed to said persons prior to the execution of this protective order), unless and until:

        (a)    disclosing counsel first informs such recipient that the material to be disclosed is Confidential Information, is to be held in confidence, is to be used solely for the purposes of preparing and presenting evidence in this litigation, and is required to be kept confidential by Court order.

        (b)    such person, prior to the disclosure to him of any confidential information, reads a copy of this Order and executes a copy of the undertaking attached hereto as Exhibit "A", stating that he or she will observe such restrictions, be bound by, and comply with the terms of this Order; and

        (c)    the disclosing party remains liable for breach of the undertaking of Exhibit A by said person.

    10.    Individuals designated under Paragraph 7(c) or Paragraph 8(b) shall be designated, in writing, with a copy of such person's current *curriculum vitae* to the other party's counsel within a reasonable time prior to any disclosure of information encompassed by this Order to such individual. If the producing party, or the party affected by the disclosure, objects to the disclosure of "Confidential Information" or "Highly Confidential Information" to individuals designated under Paragraph 7(c) or Paragraph 8(b) as inconsistent with the language or intent of this Order or for other good cause shown, it shall notify the disclosing party's counsel in writing of its objection and the grounds therefore prior to the initial disclosure. If the dispute is not resolved on an informal basis within seven (7) business days of receipt of such notice of objections, the producing party shall submit immediately each objection to the Court for a ruling, and the producing party shall bear the burden of proving to the Court that such disclosure should not occur. Any motion challenging an expert

1   designation will need to be made in strict compliance with Local Rules 37-1 and 37-
2   2 (including the Joint Stipulation requirement). The submission of such Confidential
3   Information or Highly Confidential Information to such proposed expert or
4   consultant shall be withheld pending the ruling of the Court.

5        11.   None of the aforesaid individuals under Paragraph 7 or Paragraph 8
6   shall disclose or disseminate, directly or indirectly, any "Confidential Information"
7   or "Highly Confidential Information" for any purpose except as may be permitted
8   by this Order or by further Order of the Court.  All "Confidential Information" and
9   "Highly Confidential Information" produced or provided in the course of this
10  litigation shall be used solely for the purposes of this litigation and for no other
11  purpose whatsoever and shall not be disclosed to anyone except in accordance with
12  the terms of this Order.  Nothing in this Order shall bar or otherwise restrict any
13  attorney herein from rendering advice to his client with respect to this trial and, in
14  the course thereof, referring to or relying upon his examination of confidential
15  information; provided, however, that in rendering such advice and in otherwise
16  communicating with his client, the attorney shall not make any disclosure of
17  "Confidential Information" or "Highly Confidential Information" until and unless
18  said recipient qualifies as a "Qualified Person" respectively entitled to review the
19  information.

20       12.   In the case of depositions upon oral examination of any person
21  (including any party pursuant to FRCP 30(b)(6), a party's employees or agents,
22  former employees or agents, consultants or experts of Plaintiff or Defendant, or
23  others), a party may designate portions of the examination "Confidential" or
24  "Highly Confidential."  With respect to portions of the examination designated
25  "Confidential," only persons designated in Paragraphs 7(a), 7(b), 7(c) or 7(f) will be
26  allowed to attend those portions of the deposition.  With respect to portions of the
27  examination designated "Highly Confidential," only persons designated in
28  Paragraphs 8(a), 8(b) or 8(e) will be allowed to attend those portions of the

1  deposition. Notwithstanding a party's right to attend a deposition, in no event shall

2  a party who is not a Qualified Person under Paragraph 8 be permitted to attend any

3  portion of a deposition related to "Highly Confidential" testimony. If, after a

4  deposition, counsel for Plaintiff or Defendant believes that the deposition transcript

5  contains "Confidential Information" or "Highly Confidential Information," counsel

6  shall make such designations to opposing counsel, in writing, provided that such

7  designations are made within ten (10) days of the designating party's receipt of the

8  deposition transcript. Unless so designated, any confidentiality is waived after the

9  expiration of that ten (10) day period unless otherwise stipulated or ordered, except

10  as permitted herein. Once a party has used confidential documents or information at

11  the deposition of any witness, regardless of whether such use is under the

12  undertaking of Exhibit A or not, the other party may use said confidential

13  documents or information in its examination of the same witness deponent without

14  any further action.

15      13.   Any information designated as "Confidential Information" or "Highly

16  Confidential Information" shall not be made available to persons other than (a) the

17  respective Qualified Persons entitled to review each respective class of confidential

18  information, (b) the party who produced such information, and (c) the Court under

19  appropriate seal.

20      14.   Nothing shall prevent disclosure beyond the terms of this Order if the

21  party designating the information as "Confidential Information" or "Highly

22  Confidential Information" expressly consents to such disclosure, or if the Court,

23  after notice and reasonable time to object is given to all parties, orders such

24  disclosure. However, nothing in this Order shall be construed as authorizing a party

25  to disobey a lawful subpoena issued in another action.

26      15.   No party shall be responsible to another party for any use made of

27  information produced and not identified as "Confidential Information" or "Highly

28  Confidential Information," if the information is disclosed by one party to another

1  party without being designated as "Confidential Information" or "Highly
2  Confidential Information." If the receiving party is notified, in writing, of the
3  reclassification of the information, documents, etc., to either "Confidential
4  Information" or "Highly Confidential Information," even if such information has
5  been previously disclosed to persons other than Qualified Persons, at that time of
6  reclassification, such information so designated by the producing party shall be
7  considered as having always been designated as being "Confidential Information" or
8  "Highly Confidential Information", except to the extent such information had been
9  previously disclosed to that person. The receiving party may not argue waiver of
10  confidential designation merely by virtue of such "later" designation even if non-
11  confidential disclosure has occurred in the interim.

12      Nothing in this stipulated Protective Order shall require disclosure of any
13  material which counsel for Plaintiff or Defendant contend is protected from
14  disclosure by the attorney-client privilege or the attorney work-product immunity. If
15  any party produces information which is subject to the attorney-client or attorney
16  work-product privilege, the terms of this stipulated Protective Order regarding
17  "Highly Confidential" material shall apply in any event.

18      16.This Order shall not affect the right, if any, of any party or witness to make
19  any other type of objection, claim, or other response to discovery requests,
20  including, without limitation, interrogatories, requests for admissions, requests for
21  production of documents, deposition notices, or questions at a deposition.

22      17.   The inadvertent, unintentional, or *in camera* disclosure of confidential
23  documents and information shall not, under any circumstances, be deemed a waiver,
24  in whole or in part, of any party's claims of confidentiality. In the event of an
25  inadvertent disclosure by any party of material that on its face appears to be subject
26  to the attorney-client privilege or other privilege or immunity, the provisions of
27  ABA FORMAL OPINION 92-368, *Inadvertent Disclosure of Confidential Materials*,
28  shall apply. A party who receives material appearing on its face to be subject to a

1  privilege or immunity and who complies with the provisions of ABA FORMAL
2  OPINION 92-368 (for example, by destroying or returning the material) will not be
3  barred from thereafter applying to the Court for an *in camera* determination that
4  the material is not, in fact, entitled to any privilege or immunity.

5       18.    A party shall not be obligated to challenge the propriety of a
6  "Confidential Information" or "Highly Confidential Information" designation at the
7  time made, and a failure to do so shall not preclude a subsequent challenge thereto.
8  In the event that any party to this action disagrees at any stage of these proceedings
9  with the designation by the producing party of "Confidential Information" or
10  "Highly Confidential Information," the parties shall first try to dispose of such
11  dispute in good faith on an informal basis.  If after fifteen (15) days the dispute
12  cannot be resolved, the party objecting to the designation may, at any time
13  thereafter, seek appropriate relief from the Court. Any motion challenging a
14  designation will need to be made in strict compliance with Local Rules 37-1 and 37-
15  2 (including the Joint Stipulation requirement).

16       19.    In accordance with Local Rule 79-5.1, if any papers to be filed with the
17  Court contain information and/or documents that have been designated as
18  "Confidential Information" or "Highly Confidential Information," the proposed
19  filings shall be accompanied by an application to file the papers of the portion
20  thereof containing the designated information or documents (if such portion is
21  segregable) under seal; and the application shall be directed to the judge to whom
22  the papers are directed. For motions, the parties shall publicly file a redacted version
23  of the motion and supporting papers.

24       20.    Insofar as the provisions of any Protective Order entered in this
25  litigation restrict the communication and use of the documents and other
26  information produced thereunder, such Order shall continue to be binding after the
27  conclusion of this litigation, with all counsel, the parties herein, their officers,
28  employees and any other recipients of the "Confidential Information" and Highly

1 | Confidential Information", respectively, remaining subject to the obligations of this
2 | Order.

3 |     21.   This Order may be modified by further written stipulation signed by the
4 | undersigned attorneys, or by further order of the Court. Nothing in this Order shall
5 | be deemed to preclude any party from seeking a modification of this Order or an
6 | additional protective order. No modification by the parties shall have the force or
7 | effect of a Court order unless the Court approves the modification.

8 |     22.   Neither this Order nor the designation of any material as
9 | "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL
10 | INFORMATION" shall be construed as any admission that such information,
11 | document or other tangible thing is confidential or that such material, or any
12 | testimony relating to such material, in a deposition or at trial, would be admissible in
13 | evidence in this case or in any other proceeding.

14 |     23.   The terms and conditions in this Protective Order, relative to all
15 | information, including all documents and things produced, and all deposition
16 | testimony generated hereunder, shall survive and remain in full force and effect after
17 | the termination of this litigation.

18 |     24.   This Agreement shall be binding on the parties upon execution by their
19 | counsel notwithstanding that it may not have been entered as an Order of the Court
20 | at the time of execution, and the parties agreed to abide by its terms until such time
21 | as it is entered by the Court.

22
23
24
25
26
27
28

STIPULATED PROTECTIVE ORDER

1    25.   By the signatures of their respective counsel affixed below, each of the

2  parties warrants that it knowingly and willingly enters into this Stipulation and

3  Order.

4

5        LOWE LAW, P.C.                    LAW OFFICE OF SILVIO NARDONI

6

7  By:_____        By: _____

8        Steven T. Lowe                       Silvio Nardoni
         Natasha L. Hill                      535 N. Brand Blvd.

9        11400 Olympic Boulevard              Suite 501
         Suite 600                            Glendale, CA  91203

10       Los Angeles, CA  90064

11                                            *Attorney for Cole Services*
         *Attorney for Plaintiff*

12

13

14       GILCHRIST & RUTTER                  KULL+HALL, LLP
         PROFESSIONAL CORP.

15

16                                      By: _____

17 By:_____                 Kevin P. Hall

18       Christine A. Page                    1337 Ocean Ave, Suite B
         1299 Ocean Avenue, Suite 900         Santa Monica, CA 90401

19       Santa Monica, CA 90401

20                                            *Attorney for CSI, Software*
         *Attorney for Gold Medal*            *and Helmi Ben Flah*

21

22

23 IT IS SO ORDERED:

24

25 Dated: _____

26                                            _____
                                              Magistrate Judge Robert N. Block

27                                            United States District Court Judge

28

1        25.     By the signatures of their respective counsel affixed below, each of the

2 parties warrants that it knowingly and willingly enters into this Stipulation and

3 Order.

4

        LOWE LAW, P.C.                 LAW OFFICE OF SILVIO NARDONI

5

6

7 By: _____     By: _____

        Steven T. Lowe                   Silvio Nardoni

8         Natasha L. Hill                  535 N. Brand Blvd.

        11400 Olympic Boulevard        Suite 501

9         Suite 600                       Glendale, CA  91203

10         Los Angeles, CA  90064

11         *Attorney for Plaintiff*            *Attorney for Cole Services*

12

13

14         GILCHRIST & RUTTER         KULL+HALL, LLP

        PROFESSIONAL CORP.

15

16

17 By:_____     By: _____

18         Christine A. Page             Kevin P. Hall

        1299 Ocean Avenue, Suite 900    1337 Ocean Ave, Suite B

19         Santa Monica, CA 90401       Santa Monica, CA 90401

20         *Attorney for Gold Medal*        *Attorney for CSI, Software*

21

22

23 IT IS SO ORDERED:

24

25 Dated: _____

26                                    Magistrate Judge Robert N. Block

27                                    United States District Court Judge

28

STIPULATED PROTECTIVE ORDER

1    25.    By the signatures of their respective counsel affixed below, each of the

2  parties warrants that it knowingly and willingly enters into this Stipulation and

3  Order.

4

   LOWE LAW, P.C.                              LAW OFFICE OF SILVIO NARDONI

5

6
   By:_____       By:_____

7        Steven T. Lowe                        Silvio Nardoni
8        Natasha L. Hill                       535 N. Brand Blvd.
         11400 Olympic Boulevard               Suite 501
9        Suite 600                             Glendale, CA  91203
10       Los Angeles, CA  90064

11       *Attorney for Plaintiff*               *Attorney for Cole Services*

12

13

14   GILCHRIST & RUTTER                         KULL+HALL, LLP
     PROFESSIONAL CORP.
15

16
   By:_____       By:_____
17
         Christine A. Page                       Kevin P. Hall
18       1299 Ocean Avenue, Suite 900            1337 Ocean Ave, Suite B
         Santa Monica, CA 90401                  Santa Monica, CA 90401
19
20       *Attorney for Gold Medal*               *Attorney for CSI, Software*

21

22

23  IT IS SO ORDERED:

24

25  Dated: _____          _____
26                                        Magistrate Judge Robert N. Block
                                          United States District Court Judge
27

28
                                          14

1

## EXHIBIT A

2

3                    UNITED STATES DISTRICT COURT

4                    CENTRAL DISTRICT OF CALIFORNIA

5   **ERGOS SOFTWARE INC.,** a              ) **CASE NO.: SACV 08-0908-AG**
    California corporation,                   ) **(RNBx)**
6                                             )
7              Plaintiff,                     ) **[PROPOSED] STIPULATED**
                                              ) **PROTECTIVE ORDER**
8              v.                             )
9                                             )
    **HELMI BENFLAH,** an individual,         )
10  **GOLD MEDAL PLUMBING**                   )
    **HEATING COOLING ELECTRIC,**             )
11  formerly known as **YATROFSKY**           )
    **PLUMBING HEATING &**                    )
12  **COOLING,** a business entity form       )
13  unknown, **COLE SERVICES,** a             )
    business entity form unknown, **CSI**     )
14  **SOFTWARE,** a business entity form      )
15  unknown; and **DOES 1-10,** inclusive,    )
16                                            )
17             Defendants.                    )

18  ────────────────────────────────

19         **UNDERTAKING OF** _____

20

21         I, _____, being first duly sworn on oath, depose and

22  say:

23         I have read and understand the contents of the STIPULATED

24  PROTECTIVE ORDER dated _____ and filed in the above-captioned

25  litigation, and attached hereto.

26         I am properly classified as a "Qualified Person" identified in Paragraph

27  7 or Paragraph 8 of the STIPULATED PROTECTIVE ORDER, and I am executing

28  this Affidavit and agreeing to observe the conditions provided in the STIPULATED

1 | PROTECTIVE ORDER prior to any disclosure to me of documents, things and/or
2 | any other information designated as containing, in whole or in part, "Confidential
3 | Information" or "Highly Confidential Information".

4 |     I expressly agree that:

5 |         I have read and shall be fully bound by the terms of the
6 |         STIPULATED PROTECTIVE ORDER;
7 |         All documents, things and information which are disclosed to me
8 |         pursuant to the STIPULATED PROTECTIVE ORDER shall be
9 |         maintained in strict confidence, and I shall not disclose or use the
10 |         original or any copy of, or the subject matter of any of the
11 |         documents, things or the information they contain, except in
12 |         accordance with the STIPULATED PROTECTIVE ORDER;
13 |         I shall not use or refer to any of the documents, things and/or any
14 |         information so designated other than in connection with this
15 |         litigation and as prescribed in the STIPULATED PROTECTIVE
16 |         ORDER;

17 |

18 |     I do and shall subject myself to the continuing jurisdiction of the
19 | above-entitled Court over my person, wherever I shall be found, for purposes of
20 | enforcement of the STIPULATED PROTECTIVE ORDER.

21 |

22 |

23 |

24 |                 [signature]

25 |

26 |

27 |

28 |

16